UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| REAL PROPERTY LOCATED | § | |
| AT 2132 COUNTRY CLUB | § | |
| DRIVE, PEARLAND, TEXAS | § | |
| Defendant | § | |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America files this action for forfeiture and alleges upon information and belief:

### *Nature of the Action*

1.  This is an action to forfeit property to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. §§ 881(a)(6) and (7).

### *Defendant Property*

2.  The Defendant is the real property, including all improvements and appurtenances, located at 2132 Country Club Drive, Pearland, Texas 77581 and legally described as follows (hereinafter, the "Defendant Property"):

> Lot Four (4), in Block One (1), of GREEN TEE TERRACE SECTION FOUR (4), an addition in Harris County, Texas according to the map or plat thereof recorded in Volume 340 Page 110 of the Map Records of Harris County, Texas.

### *Jurisdiction and Venue*

3.  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

1

4.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395.

### *Statutory Basis for Forfeiture*

5.     The Defendant Property is subject to forfeiture under:

a. 21 U.S.C. § 881(a)(6), which provides for the forfeiture of "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of [the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*], all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*]."

b. 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957 or 1960 or any property traceable to such property. Under 18 U.S.C. § 1956(a)(1)(B)(i), it is unlawful for a person to conduct or attempt to conduct a financial transaction with proceeds of a specified unlawful activity knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity or to avoid a transaction reporting requirement under federal or state law. It is a violation of 18 U.S.C. § 1957 for a person to knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that is derived from specified unlawful activity.  The felonious sale of controlled substances

        constitutes a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7)(A), which incorporates 18 U.S.C. § 1961(1)(D).

    c.    21 U.S.C. § 881(a)(7), which provides for the forfeiture of all real property, including any right, title, and interest. . .in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of [the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*]."

### *Factual Basis*

1. Ziad Mahmoud Ahmad Alsalameh aka Ziad Albataineh ("Ziad") distributed synthetic cannabinoid products in violation of the Controlled Substances Act.

2. In April 2016, a federal grand jury returned an Indictment charging Ziad Mahmoud Ahmad Alsalameh aka Ziad Albataineh ("Alsalameh") and others with a conspiracy to possess with intent to distribute Schedule I controlled substances, specifically synthetic cannabinoids, conspiracy to commit money laundering, and conspiracy to commit mail fraud.  (Criminal No. 4:16-cr-00170). Alsalameh is presently a fugitive.

3. During the execution of a search warrant at the Defendant Property in June 2015, Alsalameh admitted that he had invested proceeds from his sales of synthetic cannabinoids into the Defendant Property.

4. The Defendant Property was purchased in October 2014 (during the course of the drug trafficking conspiracy) and titled in the names of Alsalameh's wife and son. Documents indicate that the Defendant Property was purchased for approximately $252,000, which included a $100,000 note, a $2,000 deposit/earnest money paid by check in advance of closing, and more

than $140,000 paid by two cashier's checks in the amounts of $80,213.00 and $65,000.00 in connection with the closing.

5. The $80,213 cashier's check was drawn on a bank account opened in Alsalameh's name about one month prior to the closing of the Defendant Property. The $80,213 was funded primarily with cash (including over $30,000 that was deposited into the account through a series of transactions that were each less than $10,000) and a cashier's check from a co-defendant[1] who is known to have invested sums of cash and moved cash for Alsalameh.

6. The $100,000 note was paid off within approximately one year during the course of conspiracy.

7. In February 2014 (months before the purchase of the Defendant Property), Alsalameh told an undercover officer that he was earning $40,000 to $50,000 a day from the sale of synthetic cannabinoids. Alsalameh sold synthetic cannabinoid products, typically contained in black trash bags, to the undercover officer numerous times from February 2014 through June 2014 in exchange for approximately $3,000 to $6,000 each time.

8. The investigation also indicated that Alsalameh had synthetic cannabinoids at the Defendant Property. During surveillance in June 2015, law enforcement observed Alsalameh leave the Defendant Property with two large black trash bags, load the bags into his vehicle, and then deliver them to a storage facility. Investigation has shown that Alsalameh typically used large black trash bags to hold or transfer synthetic cannabinoids and that storage units at that facility were used to store synthetic cannabinoids. Law enforcement seized large quantities of synthetic cannabinoid products from storage units at that facility and other units linked to Alsalameh.

---

[1] The Indictment charged the co-defendant with a money laundering conspiracy in violation of 18 U.S.C. § 1956(h) and aiding and abetting an unlicensed money transmitting business in violation of 18 U.S.C. §§ 1960 and § 2.  He pleaded guilty to aiding and abetting an unlicensed money transmitting business.

9. In June 2015, law enforcement executed a federal search warrant at the Defendant Property, where Alsalameh was residing at that time. During the search, law enforcement seized a money counter from the master bathroom, approximately $73,308.00 in U.S. currency that was inside clothing at the house, and various packets of synthetic cannabinoids from a vehicle parked at the house.

### *Conclusion*

10. The Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a)(6) as property traceable to proceeds of drug trafficking, under 18 U.S.C. § 981(a)(1)(A) as property involved in money laundering in violation of 18 U.S.C. § 1956 and/or § 1957, and under 21 U.S.C. § 881(a)(7) as property used or intended to be used, in any manner or part, to facilitate drug trafficking.

### *Notice to Any Potential Claimants*

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

*Prayer*

Wherefore, the United States of America prays that judgment of forfeiture be entered against Defendant Property in favor of the United States of America under 21 U.S.C. § 881(a)(6), 18 U.S.C. § 981(a)(1)(A), and 21 U.S.C. § 881(a)(7) in addition to such costs and other relief to which the United States of America may be entitled.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

By:    s/Lori S. Roth
       Lori S. Roth
       Email: lori.roth@usdoj.gov
       Texas State Bar No. 24076691
       SDTX Bar No. 1383270

       s/Vincent Carroll
       E. Vincent Carroll
       Email: vincent.carroll@usdoj.gov
       SDTX Bar No. 1804030

       Assistant United States Attorneys
       United States Attorney's Office
       1000 Louisiana, Suite 2300
       Houston, TX 77002
       Telephone: (713) 567-9000
       Fax: (713) 718-3300

## *Verification*

I, James Semrick, a Special Agent with the United States Drug Enforcement Administration, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in Paragraphs 1 through 9 of the Factual Basis in the foregoing Complaint For Forfeiture In Rem are true and correct to the best of my knowledge and belief.

Executed on August 30, 2018.

_____
James Semrick
Special Agent
U.S. Drug Enforcement Administration